IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KATHY ANN WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-096 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, and GBIS Inc., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned complaint *pro se* on December 16, 2016, challenging the denial of her application for benefits, and requested permission to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) On January 3, 2017, the Court granted Plaintiff permission to proceed IFP and ordered her to amend her complaint due to several deficiencies. (Doc. no. 4.) Plaintiff has now submitted an amended complaint. (Doc. no. 5.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** and this civil action be **CLOSED**.

**I.      BACKGROUND**

On January 3, 2017, the Court directed Plaintiff to address several deficiencies in her complaint, and directed her to change the defendant to the Acting Commissioner of the Social Security Administration and specify "the particular dates of when she appealed the denial to the Appeals Council and when her appeal was denied." (Doc. no. 4, p. 2.) On

January 17, 2017, Plaintiff submitted an amended complaint naming the Commissioner of the Social Security Administration as Defendant, and submitted documents indicating she appealed the ALJ's unfavorable decision to the Appeals Council on November 2, 2016. (Doc. no. 5, p. 12.) Plaintiff further indicates the Appeals Council decision is pending and she has yet to receive a decision. (Id. at 18.)

## II. DISCUSSION

"An application for disability benefits, for example, follows an intricate path of administrative process before it can be reviewed by a federal court." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260-61 (11th Cir. 2007). As a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social Security matters. See 42 U.S.C. § 405(h); See United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1104 (11th Cir. 1998); Califano v. Sanders, 430 U.S. 99, 105-07 (1977).

Pursuant to § 405(g), this Court has jurisdiction over social security cases only when there has been: 1) a final decision made by the Acting Commissioner after a hearing, 2) the commencement of a civil action within sixty days of the mailing of notice of the Acting Commissioner's decision, and 3) the filing of the action in an appropriate district court. Weinberger v. Salfi, 422 U.S. 749, 763 (1975). Although the Act does not define "final decision," if the Appeals Council grants review of a claim, the decision by the Appeals Council becomes the Commissioner's final decision. If on the other hand, the Appeals Council denies the request for review, the ALJ's adverse decision becomes the final decision. Raley v. Astrue, No. 2:11-CV-79-TFM, 2011 WL 2183734, at *2 (M.D. Ala. June 6, 2011); see also Waters v. Massanari, 184 F. Supp.2d 1333, 1337-38 (N.D. Ga. 2001) (defining decision by

Appeal Council or denial by Appeals Council as final decision); see also Seay v. Barnhart, No. 1:06-CV-88 (WLS), 2007 WL 397126, at *1 (M.D. Ga. Feb. 1, 2007) (finding no jurisdiction to review Commissioner's decision where appeal to Appeals Council was pending).

Here, Plaintiff indicates the Appeals Council is presently considering her appeal of the ALJ's unfavorable decision and her appeal remains pending. (Doc. no. 1, p. 18.) Accordingly, this Court lacks jurisdiction to review her complaint because Plaintiff has not yet received a "final decision" or notice from the Appeals Council that her request for review is denied. Because Plaintiff has not met the prerequisites for judicial review, her case must be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 23rd day of January, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA