ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2017 FEB 21 PM 12:06

CLERK _M. arms_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KATHY ANN WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-096 |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,[1] and GBIS Inc., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court adopts the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. (Doc. no. 8.) Upon initial review of Plaintiff's amended complaint, the Magistrate Judge recommended dismissal because Plaintiff indicated her appeal of the Administrative Law Judge's adverse decision was pending before the Appeals Council. (See doc. no. 6, pp. 2-3.) Although Plaintiff maintains she filed an appeal with the Appeals Council, in her objections, Plaintiff attaches a letter from the Social Security Administration (SSA) which states Plaintiff did not

---

[1] The Court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the Clerk of Court to substitute Nancy A. Berryhill as Defendant in this case.

file an appeal with the Appeals Council. (Doc. no. 8, p. 4.) Regardless of which scenario is true, the Magistrate Judge is correct that the Court has no jurisdiction.

The jurisdictional basis for judicial review in Social Security matters is 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Thus, § 405(g) sets forth three prerequisites for judicial review: (1) a final decision made by the Commissioner after a hearing, (2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's final decision, and (3) the filing of the action in an appropriate district court. Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975).

A plaintiff obtains the Commissioner's "final decision" after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. If a plaintiff fails to request review from the Appeals Council, "there is no final decision and, as a result, no judicial review . . . ." Sims v. Apfel, 530 U.S. 103, 106–07 (2000) (citing 20 CFR § 404.900(b)). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." Id.

Here, if Plaintiff did not request review from the Appeals Council, this Court does not have jurisdiction under § 405(g) because Plaintiff has not received a final decision from the

2

SSA. See 20 C.F.R. § 404.900 (listing administrative steps); Sims, 530 U.S. at 106-107; Wright v. Colvin, No. 3:12-CV-1007-J-32TEM, 2013 WL 5567409, at *3 (M.D. Fla. Oct. 9, 2013) ("A claimant obtains the Commissioner's "final decision" after completing the four steps of the administrative review process."). If on the other hand, Plaintiff filed an appeal with the Appeals Council and that appeal is presently pending, Plaintiff has also not yet received a final decision from the Commissioner. See Seay v. Barnhart, No. 1:06-CV-88 (WLS), 2007 WL 397126, at *1 (M.D. Ga. Feb. 1, 2007) (finding no jurisdiction to review Commissioner's decision where appeal to Appeals Council was pending). In either instance, Plaintiff has not received a final decision, and this Court lacks jurisdiction under § 405(g).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's amended complaint, and **CLOSES** this civil action.

SO ORDERED this 21 day of February, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE